Sharipov v. Garland

BIA
Poczter, IJ
A200 911 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-four.

PRESENT:
    RICHARD C. WESLEY,
    RAYMOND J. LOHIER, JR.,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*
_____

NUSRATULLO SHARIPOV,
        *Petitioner,*

        v.                                                    21-6592
                                                              NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*
_____

**FOR PETITIONER:** Tatiana S. Aristova, Khavinson & Associates, P.C., Plainsboro, NJ.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Linda S. Wernery, Assistant Director; Gregory M. Kelch, Senior Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Nusratullo Sharipov, a native of the Soviet Union and citizen of Tajikistan, seeks review of an October 29, 2021 decision of the BIA denying his motion to reopen and affirming a February 7, 2019 decision of an Immigration Judge ("IJ"), which denied his motion to rescind an in absentia removal order. *In re Nusratullo Sharipov*, No. A 200 911 450 (B.I.A. Oct. 29, 2021), *aff'g* No. A 200 911 450 (Immigr. Ct. N.Y.C. Feb. 7, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

In 2019, the IJ scheduled a removal hearing by mailing a hearing notice to Sharipov's counsel. Sharipov did not appear at the hearing and was ordered removed in absentia. Nearly 10 months later, Sharipov, through new counsel,

moved to rescind the removal order, arguing that he did not have notice of the hearing because the immigration court had the wrong address for him. He later added a request for reopening based on an I-130 immediate relative petition that his wife had filed on his behalf. We have considered both the IJ's and the BIA's decisions. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's denial of these motions for abuse of discretion. *See Alrefae v. Chertoff*, 471 F.3d 353, 357 (2d Cir. 2006) (motion to rescind); *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (motion to reopen).

We find no abuse of discretion in the agency's denial of Sharipov's motion to rescind. The agency may rescind an in absentia order at any time if the noncitizen did not receive notice of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(ii). The record reflects, and Sharipov does not dispute, that the hearing notice was sent to his counsel, who appeared at the hearing. An alien may be removed in absentia if he fails to appear "after written notice . . . has been provided to the alien *or the alien's counsel of record*." 8 U.S.C. § 1229a(b)(5)(A) (emphasis added). Because counsel received the notice, the notice requirement was satisfied. *See Song Jin Wu v. INS*, 436 F.3d 157, 162 (2d Cir. 2006) (determining,

3

under prior version of the statute, that petitioner failed to rebut presumption of proper notice when attorney of record received notice of the hearing).

Sharipov argues that the agency nevertheless abused its discretion because his attorney gave the immigration court the wrong address for him. He has not cited any authority for his argument that the IJ was required to reject a change of address form signed only by his counsel. On the contrary, the Immigration Court Practice Manual contemplates that attorney will submit change of address forms on their client's behalf. *See* Immigration Court Practice Manual, ch. 2.2, https://www.justice.gov/eoir/reference-materials/ic/chapter-2/2 (last visited Oct. 31, 2023) ("When submitted by an attorney or accredited representative, acting as a practitioner of record, the EOIR-33/IC must be submitted electronically through ECAS for all cases eligible for electronic filing and in paper in all other cases.").

Moreover, Sharipov has not demonstrated that he lacked oral notice of the address on file, and he failed to correct the alleged error. At the last hearing before the in absentia removal order was entered, the IJ confirmed Sharipov's address. The IJ's decision denying the motion to rescind states that the audio recording confirmed that the address was translated. Sharipov has not presented sufficient evidence to contradict that determination.

Because Sharipov's attorney received notice, and because Sharipov had notice of the address on file and did not correct the alleged error or remain in contact with his counsel, the agency did not abuse its discretion in denying the motion to rescind. *See* 8 U.S.C. § 1229a(b)(5)(C)(ii); *Song Jin Wu*, 436 F.3d at 162 (concluding that notice to counsel was sufficient where there was "no evidence that delivery was improper or that nondelivery was not due to [petitioner's] failure to provide his correct address").

Nor did the BIA abuse its discretion by denying the motion to reopen. Sharipov does not dispute that the motion was untimely filed more than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). Moreover, a motion to reopen to seek adjustment of status does not fall into a statutory or regulatory exception to the filing deadline. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii), (iv) (listing exceptions); 8 C.F.R. § 1003.2(c)(3)(ii) (same); *Matter of Yauri*, 25 I. & N. Dec. 103, 105 (B.I.A. 2009) ("[U]ntimely motions to reopen to pursue an application for adjustment of status . . . do not fall within any of the statutory or regulatory exceptions to the time limits for motions to reopen . . . and will ordinarily be denied." (quotation marks omitted)). To the extent the BIA declined to reopen sua sponte despite the untimely filing, we lack jurisdiction to

review that "entirely discretionary" decision. *Ali*, 448 F.3d at 518; *Li Chen v. Garland*, 43 F.4th 244, 249 (2d Cir. 2022).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court